IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JORGE ACUNA BUSTAMANTE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-452-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jorge Acuna Bustamante, a state prisoner currently incarcerated in Kenedy, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On September 13, 1999, pursuant to a negotiated plea bargain agreement, petitioner pled guilty in Cause No. 10819 to aggravated robbery with a deadly weapon in the 266th Judicial District Court of Erath County, Texas, and was sentenced to fifty

years' confinement. (Clerk's R. at 14) On the same date, pursuant to a negotiated plea bargain agreement, the trial court revoked petitioner's probation and adjudicated his guilt in Cause No. 9696 for burglary of a building and sentenced him to twenty years' confinement, the sentences to run concurrently. (Resp't Preliminary Resp., Ex. A) Petitioner did not directly appeal his conviction or the order adjudicating guilt, thus the judgment and order became final under state law thirty days later on October 13, 1999. (Pet. at 2) TEX. R. APP. P. 26.2(a)(1). Petitioner filed two state habeas applications, one for each case, on July 17, 2000, and August 14, 2000, which were both denied without written order by the Texas Court of Criminal Appeals on November 15, 2000. *Ex parte Bustamante*, Appl. Nos. 47,001-01 & 47,001-02.

On November 17, 2003, petitioner filed a motion for forensic DNA testing in Cause No. 10819 in the state trial court, which was denied on January 7, 2004. (Clerk's R. at 7-9, 25) Petitioner did not file a timely appeal of the denial. *Bustamante v. State*, No. 11-04-59-CR, slip op. (Tex. App.-Eastland Mar. 4, 2004) (not designated for publication). On April 5, 2010, petitioner again filed two state habeas applications, one for each case, which were dismissed by the Texas Court of Criminal Appeals as successive on May 12, 2010.

*Ex parte Bustamante*, Appl. Nos. WR-47,001-03 & WR-47,001-04. Petitioner filed this federal habeas petition on June 22, 2010. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The petition appears to raise issues relevant to his 1999 conviction and adjudication proceedings.

## II. STATUTE OF LIMITATIONS

Thaler believes the petition is time barred under the federal statute of limitations. (Resp't Preliminary Resp. at 1-7) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (D) the date on which the factual predicate
> of the claim or claims presented could have been
> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

For purposes of § 2244(d)(1)(A), applicable to this petition, the federal statute of limitations commenced when the trial court's judgment of conviction and adjudication order became final by the conclusion of direct review or the expiration of the time for seeking such review. The judgment and order thus became final upon expiration of the time petitioner had for filing timely notices of appeal on October 13, 1999. TEX. R. APP. P. 26.2. The limitations period expired one year later on October 13, 2000, subject to any applicable tolling. *Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005).

Petitioner's first two state habeas applications tolled the limitations period under § 2244(d)(2) for 121 days, making petitioner's federal petition due on or before February 11, 2001. His motion for DNA testing and his third and fourth state habeas applications filed after limitations had expired, did not operate to further toll the limitations period under the statutory

4

provision. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). *See also Hutson v. Quarterman*, 508 F.3d 236, 240 (5th Cir. 2007) (holding motion to test DNA evidence under article 64 of the Texas Code of Criminal Procedure constitutes "other collateral review" for purposes of § 2244(d)(2)).

Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner claims he has not been sleeping on his rights and, instead, has been educating himself to read, write and speak the English language so as to challenge his illegally obtained convictions. (Pet'r Traverse at 3) However, petitioner's unfamiliarity with the English language, in and of itself, does not warrant equitable tolling. *See United States v. Polbo-Torres*, Nos. 3:02-CR-115-P & 3:04-CV-1541-P, 2005 WL 81725, at *2 (N.D.Tex. Jan. 13, 2005) (not designated for publication); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). There is no evidence in the record that petitioner was actively misled by the state or prevented in some extraordinary way from asserting his rights in state or federal court. Furthermore, the lengthy delays between petitioner's state habeas applications, his motion for DNA testing, and his federal petition mitigates against a finding

5

that petitioner acted with due diligence in pursuing state and federal postconviction relief.

Petitioner's federal petition was due on or before February 11, 2001, therefore his petition filed on June 22, 2010, was filed beyond the limitations period and is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED September 28, 2010.

_____
JOHN McBRYDE
United States District Judge